## 'ALPERS v. KNIGHT.

### No. 8920; October 31, 1885.

#### 8 Pac. 446.

**Specific Performance—Allegations of Complaint.**—In an action to specifically enforce a contract for the sale of land, the allegations of performance by the vendee in the complaint held sufficient.

**Vendor and Vendee—Effect of Contract for Sale of Land.**— Under a contract for the sale of land a deed from the vendee transfers the equitable title to the grantee, and entitles him to demand a conveyance from the vendor or from subsequent purchasers without notice.

APPEAL from Superior Court, City and County of San Francisco.

J. G. Severance for appellant; Preston & McPike for respondent.

By the COURT.—The defendant's demurrer to the complaint was sustained, and final judgment passed in the superior court in favor of defendant. From this judgment plaintiff has appealed.

As we understand the agreement set forth in the complaint it was agreed by Frederick G. Smyth that Joseph L. Reed should be entitled to conveyance of one-third of all the lands devised to said Smyth "upon the full and complete performance of the stipulations" by Reed and wife, agreed and covenanted to be done and performed, and when and after all claims, costs, and debts against the estate of Peter S. NcNeil should be paid. The complaint alleges that "all claims against, debts owing and payable by, and costs and expenses

of every kind and character in any manner incurred in and about, the said estate of Peter S. McNeil, deceased, and in the administration thereof, were fully paid and discharged by the said administrator of said estate, out of the moneys alone belonging to said estate, and in the hands of said administrator, who thereupon filed his final account,'' etc. Further, that all the stipulations covenanted and agreed to be performed by Joseph L. Reed and Catherine C., his wife, in the agreement between them and Smyth were by them fully and completely performed. The complaint also avers that four hundred and twenty-five dollars, paid in conformity to said agreement, was less than one-third of a balance of the sum received by Smyth from the special administrator, Mayer. The complaint also shows that defendant had notice of. the agreement above referred to when he took his deed from Smyth. The subsequent deed from Joseph L. Reed to plaintiff transferred the equity of the former and gave the latter the right to demand a conveyance from defendant.

Judgment reversed and cause remanded, with direction to the court below to overrule the defendant's demurrer.